**Electronically Filed
Supreme Court
SCAD-12-0001113
09-JUL-2013
09:14 AM**

SCAD-12-0001113

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

GREG I. NISHIOKA, Respondent.

---

ORIGINAL PROCEEDING
(ODC 12-014-9030, 12-035-9051,
12-048-9064, 12-049-9065, 12-050-9066)

ORDER
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of the record in *Office of Disciplinary Counsel v. Nishioka*, SCAD-12-0001113, this court makes the following findings and conclusions by clear and convincing evidence. On February 11, 2013, this court allowed Respondent Greg Nishioka to resign in lieu of discipline, effective March 13, 2013, required him to surrender to the court clerk his license to practice law, and to file, by March 25, 2013, a certificate of compliance with his disbarment, pursuant to Rule 2.16(d) of the Rules of the Supreme Court of the State of Hawai‘i. The order was served electronically the same day upon Respondent Nishioka's attorney in the matter. In the light of

his failure to timely return his law license and to file the required affidavit of compliance, this court, on April 5, 2013, entered an order to show cause upon Respondent Nishioka, to which Respondent Nishioka untimely responded on April 29, 2013, failing therein to explain his continued failure to file the affidavit of compliance required by RSCH Rule 2.16(d). Subsequently, on May 10, 2013, this court imposed sanctions of $50.00 upon Respondent Nishioka, requiring he submit proof of payment with the clerk by May 20, 2013, and warning him that failure to pay the sanctioned imposed or further failure to file the affidavit of compliance could result in further sanctions. The order for sanctions was served upon Nishioka's attorney by electronic means the same day. As of the date of entry of this order, Nishioka has failed to file the affidavit of compliance or to submit proof he has paid the sanction imposed by this court's May 10, 2013 order. As such, this court, pursuant to RSCH Rules 2.14(d) and Rule 2.20(a), finds and concludes Respondent Nishioka, is "an attorney [who] has been . . . disbarred and has not comp[li]ed with [RSCH] Rule 2.16." Therefore,

IT IS HEREBY ORDERED that Respondent Nishioka shall, within 10 days of the date of service of this order upon him, submit to this court an affidavit demonstrating any good cause as to why his legal practice, including its files and client trust accounts, should not be placed under a trusteeship, pursuant to

2

RSCH Rule 2.20.  Respondent Nishioka is hereby notified that failure to timely respond shall be deemed an acquiescence to such a trusteeship.

IT IS FURTHER ORDERED that ODC shall attempt to serve a copy of this order upon Respondent Nishioka both personally and by certified or registered mail and shall submit to this court within 20 days after the date of entry of this order an affidavit detailing its efforts at such service and the outcome.

IT IS FINALLY ORDERED that ODC shall submit to this court, within 20 days after the date of entry of this order, the nomination of a trustee, pursuant to RSCH Rule 2.20, of a responsible person, including an assistant disciplinary counsel from its offices, to assume said trusteeship should it be necessary.

DATED: Honolulu, Hawai'i, July 9, 2013

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



3